ORIGINAL                    SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | NO. 3:20-CR-217-S |
|---|---|
| v. | **(Supersedes Indictment returned on May 13, 2020)** |
| | **FILED UNDER SEAL** |

JOSE ALBINO VALDOVINOS JIMENEZ (01)
   a.k.a. "La Roca"
   a.k.a. "Coli"
   a.k.a. "Colima"
IVAN NOE VALERIO (02)
TEODORO VALERIO PEREZ (03)
YOLANDA MERCADO VALERIO (04)
IRIS YANELI VALERIO (05)
LAURENTINO DELACRUZ (06)
   a.k.a. "Tino"
CARLOS LNU (07)
   a.k.a. "Gordo"
JESUS MANUEL JUAREZ AGUILAR (08)
   a.k.a. "Chucho"
CUAUHTEMOC GONZALEZ DEL RIO (09)
JONATHAN RENE JACOBO MATA (10)
OSCAR MARIO FLORES DAZA (11)
   a.k.a. "Pepe"
ANTONIO PENA, JR. (12)
EDUARDO GALDEAN GRESS (13)
LORENZO PIEDRA CHAVEZ (14)
BLANCA FLOR HERNANDEZ (15)
ANIANO CHAVEZ AVILA (16)
RAUL CEJA BARAJAS (17)
ALEJANDRO GARCIA LOPEZ (18)
JOEL GUILLERMO TORRES (19)
ROBERTO MACIAS (20)
ALEXANDER ALVAREZ (21)
EDGAR EDUARDO VINCENTE MIRANDA (22)
MANUEL GARCIA GOMEZ (23)
JORGE HUMBERTO LARIOS VELAZCO (24)
ARTHUR ERNEST RUBALCABA (25)
JOSE ALFREDO PENALOZA PERDOMO (26)
CARLOS MICHAEL HERNANDEZ (27)
HOBEDT MORENO (28)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### Introduction

1.      Between in or about September 2015 and continuing through in or about August 2020, the exact dates being unknown to the Grand Jury, the defendants, **Jose Albino Valdovinos Jimenez, a.k.a. "La Roca," a.k.a. "Coli," a.k.a. "Colima," Ivan Noe Valerio, Teodoro Valerio Perez,  Yolanda Mercado Valerio, Iris Yaneli Valerio, Laurentino DelaCruz, a.k.a. "Tino," Carlo LNU, a.k.a. "Gordo," Jesus Manuel Juarez Aguilar, a.k.a. "Chucho,"  Cuauhtemoc Gonzalez Del Rio,  Jonathan Rene Jacobo Mata,  Oscar Mario Flores Daza, a.k.a. "Pepe," Antonio Pena, Jr., Eduardo Galdean Gress, Lorenzo Piedra Chavez, Blanca Flor Hernandez, Aniano Chavez Avila,  Raul Ceja Barajas, Alejandro Garcia Lopez, Joel Guillermo Torres, Roberto Macias, Alexander Alvarez, Edgar Eduardo Vicente Miranda, Manuel Garcia Gomez, Jorge Humberto Larios Velazco, Arthur Ernest Rubalcaba, Jose Alfredo Penalozo Perdomo, Carlos Michael Hernandez,** and **Hobedt Moreno**, engaged in a scheme to launder over $10 million in United States currency for the New Generation Cartel of Jalisco, (otherwise known as the "Cartel Jalisco Nueva Generacion," hereinafter "CJNG").  The vast majority of these laundered funds were drug proceeds related to the sale of methamphetamine and heroin.

2.      On behalf of and for CJNG, and between in or about March 2020 and in or about May 2020, the defendants, **Eduardo Galdean Gress, Lorenzo Piedra Chavez, Blanca Flor Hernandez, Aniano Chavez Avila,  Raul Ceja Barajas,  Alejandro**

**Garcia Lopez,  Joel Guillermo Torres, Roberto Macias, Alexander Alvarez,  Edgar Eduardo Vicente Miranda, Manuel Garcia Gomez, Jorge Humberto Larios Velazco, Arthur Ernest Rubalcaba, Carlos Michael Hernandez,** and **Hobedt Moreno,** trafficked hundreds of kilograms of methamphetamine and/or dozens of kilograms of heroin in the streets of the Dallas/Fort Worth, Texas area.

3. CJNG was and is one of the most powerful Mexican drug cartels. Founded in 2011, CJNG has grown rapidly in size and strength since its inception. CJNG is a dominant force in the trade of illegal narcotics in the Mexican States of Jalisco, Colima, Veracruz, and elsewhere, as a result of the organization's disciplined command and control, sophisticated money laundering techniques, efficient drug transportation routes, and extreme violence. The cartel has also expanded globally, with significant presence and illicit business not only throughout the United States and Mexico, but also in Europe, Asia, and Australia.

4. Dallas is one of several hubs utilized by CJNG for the trafficking of illegal drugs. As shown in this case, these controlled substances were trafficked across the United States border from Mexico and distributed to other parts of the United States through Dallas. As the drugs were sold, the proceeds from these sales were transferred back to CJNG leaders.

5. Drug proceeds were laundered and funneled through a retail establishment in the Pleasant Grove area of Dallas, known as Yoli's Western Wear (hereinafter "Yoli's"), which was located at 1923 S. Buckner Boulevard, Dallas, Texas.

6. The proceeds were wired through over 11,000 separate transactions and

primarily through an international money remitter, known here as "Company S." Company S is a privately held global provider of remitter services, and its primary business activity is the transmission of funds from the United States to Mexico and Latin America.  Company S operates through a network of thousands of authorized delegates, such as Yoli's, and allows customers to transfer funds directly to another person, without the use of bank accounts or credit cards.

7.      In an effort to protect themselves and to limit losses as a result of law enforcement action, CJNG leaders implemented a compartmentalized infrastructure in both their drug trafficking and money laundering operations, limiting the responsibilities and roles of individuals who worked for CJNG within the United States.  This included the use of "couriers," recrystallization laboratories, "stash houses," money remitters, and the consistent and timely replacement of individuals who were arrested by law enforcement.

8.      During the course of this investigation, agents seized approximately 700 kilograms of methamphetamine, approximately 80 kilograms of heroin, and approximately $500,000 in drug proceeds from individuals working at the direction of **Jose Albino Valdovinos Jimenez, a.k.a. "La Roca," a.k.a. "Coli," a.k.a. "Colima."**

Count One
Conspiracy to Launder Money
(Violation of 18 U.S.C. § 1956(h))

9.      The allegations contained in paragraphs 1-8 of this Superseding Indictment
are realleged and incorporated herein.

10.     Between in or about September 2015 and continuing through in or about
August 2020, the exact dates being unknown to the Grand Jury, in the Dallas Division of
the Northern District of Texas and elsewhere, **Jose Albino Valdovinos Jimenez, a.k.a.**
**"La Roca," a.k.a. "Coli," a.k.a. "Colima," Ivan Noe Valerio, Teodoro Valerio Perez,**
**Yolanda Mercado Valerio, Iris Yaneli Valerio, Laurentino DelaCruz, a.k.a. "Tino,"**
**Carlo LNU, a.k.a. "Gordo," Jesus Manuel Juarez Aguilar, a.k.a. "Chucho,"**
**Cuauhtemoc Gonzalez Del Rio,  Jonathan Rene Jacobo Mata,  Oscar Mario Flores**
**Daza, a.k.a. "Pepe," Antonio Pena, Jr., Eduardo Galdean Gress, Lorenzo Piedra**
**Chavez, Blanca Flor Hernandez, Aniano Chavez Avila, Raul Ceja Barajas,**
**Alejandro Garcia Lopez, Joel Guillermo Torres, Roberto Macias, Alexander**
**Alvarez, Edgar Eduardo Vicente Miranda, Manuel Garcia Gomez, Jorge Humberto**
**Larios Velazco, Arthur Ernest Rubalcaba, Carlos Michael Hernandez,** and **Hobedt**
**Moreno**, the defendants, did knowingly combine, conspire, and agree with each other
and with other persons known and unknown to the Grand Jury to commit offenses against
the United States, in violation of 18 U.S.C. § 1956, to wit:

a.      to knowingly conduct and attempt to conduct a financial transaction
affecting interstate and foreign commerce, which involved the proceeds of a specified
unlawful activity, namely, the felonious buying, selling and otherwise dealing in a

controlled substance, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

    b.  to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, namely, the felonious buying, selling and otherwise dealing in a controlled substance, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and that the transaction was designed in whole or part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

    c.  to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, namely, the felonious buying, selling and otherwise dealing in a controlled substance, in violation of 18 U.S.C. § 1956(a)(2)(A); and

    d.  to knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful

activity, namely, the felonious buying, selling and otherwise dealing in a  controlled

substance, and knowing that such transportation, transmission, and transfer was designed

in whole or part to conceal and disguise the nature, the location, the source, the

ownership, and the control of the proceeds of the specified unlawful activity, in violation

of 18 U.S.C. § 1956(a)(2)(B)(i).

Manner and Means

The manner and means used to accomplish the objectives of the conspiracy

included, among others, the following:

11.     **Jose Albino Valdovinos Jimenez, a.k.a. "La Roca," a.k.a. "Coli," a.k.a.**

**"Colima,"** is Plaza Boss within CJNG. A Plaza Boss is a high-ranking official within the

cartel, only behind the cartel leader and regional commanders. **Valdovinos Jimenez** runs

a sophisticated drug trafficking and money laundering operation between Mexico and the

United States on behalf of CJNG.  CJNG often uses violence in an effort to implement its

goals.

12.     CJNG smuggles large amounts of methamphetamine across the

Mexico/United States border, often through creative means, including lining the wheel

wells of vehicles with multi-kilogram amounts of methamphetamine.  The

methamphetamine is also often transported in liquid form.  These amounts of

methamphetamine are transported by compartmentalized groups of couriers for CJNG.

Over the course of this investigation, agents have seized more than 140 kilograms of

methamphetamine from these couriers.  For example, defendant **Joel Guillermo Torres**

served as a courier and was stopped on May 27, 2020, while transporting approximately

81 kilograms of methamphetamine from Mexico to the Dallas/Fort Worth area.

13.     Once inside the United States, the methamphetamine is transported to recrystallization laboratories, which are often nothing more than rented houses within the Dallas/Fort Worth area.  In these laboratories, the methamphetamine is converted and broken down into smaller quantities so that it can be resold to high and mid-level dealers for further distribution.  These laboratories were often protected by large arsenals of firearms.  Over the course of this investigation, agents have seized more than 300 kilograms of methamphetamine from these laboratories.  For example, defendants **Raul Ceja Barajas** and **Alejandro Garcia Lopez** operated a laboratory at 7924 Komalty Drive, Dallas, Texas, where they manufactured and distributed hundreds of kilograms of methamphetamine and where agents recovered over $10,000 in United States currency. Similarly, defendants **Manuel Garcia Gomez** and **Jorge Humberto Larios Velazco** operated a laboratory at 106 Margaret Lane, Ferris, Texas, where they manufactured and distributed hundreds of kilograms of methamphetamine.

14.     Once broken down into smaller amounts, methamphetamine was sold to high and mid-level drug dealers for additional resale.  These drug dealers often use stash houses to store the methamphetamine they have purchased and/or their drug proceeds or drug-purchasing money.  Over the course of this investigation, agents have seized more than 20 kilograms of methamphetamine from stash houses.  For example, defendants **Roberto Macias** and **Alexander Alvarez** utilized residences at 429 West Suffolk Avenue, Dallas, Texas, and 5236 Darlene Street, Dallas, Texas, to store and distribute large amounts of methamphetamine.  Defendant **Aniano Chavez Avila** utilized a

residence at 3525 South Polk Street, Apartment 136-2, Dallas, Texas, to store and distribute large amounts of methamphetamine.  **Chavez Avila** protected this stash house with multiple firearms, which were seized by agents on April 21, 2020.  Defendant **Arthur Ernest Rubalcaba** utilized a residence at 11301 Brownfield Drive, Burleson, Texas, to store and distribute large amounts of methamphetamine.  **Rubalcaba** protected this stash house with multiple firearms, which were seized by agents on April 29, 2020. Defendant **Eduardo Galdean Gress** utilized a residence at 4103 Rockford Drive, Dallas, Texas, to store and distribute large amounts of heroin.

15.    Defendants **Laurentino DelaCruz, a.k.a. "Tino," Edgar Eduardo Vicente Miranda, Carlos Michael Hernandez,** and **Hobedt Moreno** were high to mid-level dealers of methamphetamine.  Defendant **Lorenzo Piedra Chavez** was a mid-level dealer of heroin.

16.    Following the sale of the methamphetamine to high and mid-level drug dealers, CJNG required that the drug proceeds received from these dealers be laundered through numerous small, repetitive transactions through Company S.

17.    Drug proceeds were transported to Yoli's.  Defendants **Laurentino DelaCruz, a.k.a. "Tino," Carlos LNU, a.k.a. "Gordo," Jesus Manuel Juarez Aguilar, a.k.a. "Chucho," Cuauhtemoc Gonzalez Del Rio**, **Jonathan Rene Jacobo Mata**, **Oscar Mario Flores Daza, a.k.a. "Pepe," Antonio Pena, Jr., Edgar Eduardo Vicente Miranda, Raul Ceja Barajas, Alejandro Garcia Lopez,** and **Arthur Ernest Rubalcaba**, transported large sums of drug proceeds from drug dealers to other conspirators and often to Yoli's.

18.     Once the drug proceeds arrived at Yoli's, they were counted and separated into thousands of transactions, all under $1,000 in an effort to avoid any required identification for purposes of collection.

19.     Defendant **Ivan Noe Valerio** was the day-to-day manager of Yoli's and was the primary money launderer for CJNG in Dallas.  He was paid approximately $20 for every wire transaction he performed for CJNG.

20.     Conspirators in Mexico directed conspirators at Yoli's regarding where to wire the funds through Company S.  Defendants **Carlos LNU, a.k.a. "Gordo," Cuauhtemoc Gonzalez Del Rio**, and **Jesus Manuel Juarez Aguilar, a.k.a. "Chucho,"** assisted with the wire transactions or performed wire transactions at Yoli's on their own.

21.     Conspirators at Yoli's transported and deposited large sums of drug proceeds at financial institutions in order to cover the pre-arranged wire transfers.

22.     Defendant **Ivan Noe Valerio** was aided and assisted by his family members and codefendants **Yolanda Mercado Valerio** (his mother), **Teodoro Valerio Perez** (his father), and **Iris Yaneli Valerio** (his sister).  Defendants **Yolanda Mercado Valerio** and **Teodoro Valerio Perez** deposited drug proceeds at financial institutions, helped run Yoli's on a day-to-day basis, and helped manage the money laundering operation.  For example, defendant **Teodoro Valerio Perez** discussed using false names and addresses for the wire transfers through Company S.  Defendant **Yolanda Mercado Valerio** advised defendant **Ivan Noe Valerio** how to structure bank deposits to avoid suspicion and how to perform counter-surveillance when picking up drug proceeds.  Defendant **Iris Yaneli Valerio** assisted defendant **Ivan Noe Valerio** in picking up drug proceeds from

other conspirators.

23.     Conspirators in Mexico would then collect the wired funds from a branch of Company S using aliases. Company S does not require identification to collect funds that are less than $1,000 in any one transaction.

In violation of 18 U.S.C. § 1956(h).

Counts Two through Eight
Laundering Monetary Instruments – Proceeds of Unlawful Activity – Concealment
(Violation of 18 U.S.C. § 1956(a)(1)(B)(i))

24.     The allegations contained in paragraphs 1-23 of this Superseding

Indictment are realleged and incorporated herein.

25.     On or about the dates set forth below, in the Dallas Division of Northern

District of Texas, and elsewhere, the defendants set forth below, knowingly conducted

and attempted to conduct the financial transactions listed below, namely, the delivery of

United States currency to third parties, in or affecting interstate and foreign commerce,

each such financial transaction constituting a separate count, which financial transactions

involved the proceeds of a specified unlawful activity, namely, the felonious buying,

selling, and otherwise dealing in a controlled substance, knowing that the transaction was

designed in whole and in part to conceal and disguise the nature, the location, the sources,

the ownership, and the control of the proceeds of the specified unlawful activity, and that

while conducting such financial transactions, the defendants knew that the property

involved in the financial transactions represented the proceeds of some form of unlawful

activity:

| Count | Defendant | Date of Financial Transaction | Financial Transaction |
|---|---|---|---|
| 2 | Raul Ceja Barajas | March 21, 2020 | delivery of, at least, approximately $15,840 |
| 3 | Cuauhtemoc Gonzalez Del Rio | March 21, 2020 | delivery of approximately $20,000 |
| 4 | Arthur Ernest Rubalcaba | April 10, 2020 | delivery of approximately $20,000 |
| 5 | Edgar Eduardo Vicente Miranda | April 14, 2020 | delivery of approximately $50,000 |
| 6 | Antonio Pena, Jr. and Jonathan Rene Jacobo Mata | May 9, 2020 | delivery of, at least, approximately $5,720 |
| 7 | Raul Ceja Barajas | May 17, 2020 | delivery of approximately $40,000 |
| 8 | Raul Ceja Barajas and Alejandro Garcia Lopez | May 26, 2020 | delivery of, at least, approximately $12,305 |

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Counts Nine through Twenty-Five
Laundering Monetary Instruments – Proceeds of Unlawful Activity
(Violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i))

26.     The allegations contained in paragraphs 1-25 of this Superseding

Indictment are realleged and incorporated herein.

27.     On or about the dates set forth below, in the Dallas Division of Northern

District of Texas, and elsewhere, the defendants set forth below, knowingly conducted

and attempted to conduct the financial transactions listed below, namely, the wire transfer

of money to accounts controlled by Company S or the deposit of money into a financial

institution, in or affecting interstate and foreign commerce, each such financial

transaction constituting a separate count, which financial transactions involved the

proceeds of a specified unlawful activity, namely, the felonious buying, selling, and

otherwise dealing in a controlled substance, (i) with the intent to promote the carrying on

of said specified unlawful activity, and (ii) knowing that the transaction was designed in

whole and in part to conceal and disguise the nature, the location, the sources, the

ownership, and the control of the proceeds of the specified unlawful activity, and that

while conducting such financial transactions, the defendant knew that the property

involved in the financial transactions represented the proceeds of some form of unlawful

activity:

| Count | Defendant | Date of Financial Transaction | Financial Transaction |
|---|---|---|---|
| 9 | Ivan Noe Valerio and Cuauhtemoc Gonzalez Del Rio | March 21, 2020 | wire transfer of approximately $930 from Yoli's through Company S |
| 10 | Ivan Noe Valerio and Cuauhtemoc Gonzalez Del Rio | March 21, 2020 | wire transfer of approximately $950 from Yoli's through Company S |
| 11 | Ivan Noe Valerio | April 11, 2020 | wire transfer of approximately $930 from Yoli's through Company S |
| 12 | Teodoro Valerio Perez | May 21, 2020 | bank deposit of approximately $13,278 at Wells Fargo, Dallas, Texas |
| 13 | Ivan Noe Valerio | May 26, 2020 | wire transfer of approximately $930 from Yoli's through Company S |
| 14 | Yolanda Mercado Valerio | June 1, 2020 | bank deposit of approximately $12,693 at Wells Fargo, Dallas, Texas |
| 15 | Teodoro Valerio Perez | June 3, 2020 | bank deposit of approximately $18,380 at Wells Fargo, Dallas, Texas |
| 16 | Teodoro Valerio Perez | June 8, 2020 | bank deposit of approximately $20,164 at Wells Fargo, Dallas, Texas |
| 17 | Ivan Noe Valerio | June 15, 2020 | bank deposit of approximately $13,986 at Wells Fargo, Dallas, Texas |
| 18 | Ivan Noe Valerio and Jesus Manuel Juarez Aguilar, aka "Chucho" | June 16, 2020 | wire transfer of approximately $930 from Yoli's through Company S |
| 19 | Yolanda Mercado Valerio | June 19, 2020 | bank deposit of approximately $12,927 at Wells Fargo, Dallas, Texas |
| 20 | Ivan Noe Valerio and Jesus Manuel Juarez Aguilar, aka "Chucho" | June 25, 2020 | wire transfer of approximately $890 from Yoli's through Company S |
| 21 | Ivan Noe Valerio and Jesus Manuel Juarez Aguilar, aka "Chucho" | June 25, 2020 | wire transfer of approximately $880 from Yoli's through Company S |
| 22 | Ivan Noe Valerio and Carlos LNU, aka "Gordo" | July 18, 2020 | wire transfer of approximately $895 from Yoli's through Company S |
| 23 | Ivan Noe Valerio and Carlos LNU, aka "Gordo" | July 18, 2020 | wire transfer of approximately $880 from Yoli's through Company S |
| 24 | Ivan Noe Valerio and Jesus Manuel Juarez Aguilar, aka "Chucho" | July 18, 2020 | wire transfer of approximately $510 from Yoli's through Company S |
| 25 | Yolanda Mercado Valerio | July 23, 2020 | bank deposit of approximately $30,975 at Wells Fargo, Dallas, Texas |

In violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i).

Count Twenty-Six
Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

On or about July 6, 2020, in the Dallas Division of the Northern District of Texas
and elsewhere, the defendants, **Eduardo Galdean Gress, Lorenzo Piedra Chavez,** and
**Blanca Flor Hernandez**, did knowingly and intentionally combine, conspire,
confederate and agree with each other and with other persons known and unknown to the
Grand Jury, to possess with intent to distribute one kilogram or more of a mixture and
substance containing a detectable amount of heroin, a Schedule I controlled substance, in
violation of 21 U.S.C. § 841(a)(l).

In violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C.
§ 841(b)(1)(A).

Count Twenty-Seven
Possession with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 841(a)(1))

On or about July 6, 2020, in the Dallas Division of the Northern District of Texas

and elsewhere, the defendants, **Eduardo Galdean Gress, Lorenzo Piedra Chavez,** and

**Blanca Flor Hernandez**, did knowingly and intentionally possess with intent to

distribute a mixture and substance containing a detectable amount of heroin, a Schedule I

controlled substance.

In violation of 21 U.S.C. § 841(a)(1), the penalty for which is found at 21 U.S.C.

§ 841(b)(1)(C).

Count Twenty-Eight
Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

Between in or about September 2015 and continuing through in or about August 2020, the exact dates being unknown to the Grand Jury, in the Dallas Division of the Northern District of Texas and elsewhere, the defendants, **Jose Albino Valdovinos Jimenez, a.k.a. "La Roca," a.k.a. "Coli," a.k.a. "Colima," Ivan Noe Valerio, Teodoro Valerio Perez, Yolanda Mercado Valerio, Iris Yaneli Valerio, Laurentino DelaCruz, a.k.a. "Tino," Carlo LNU, a.k.a. "Gordo," Jesus Manuel Juarez Aguilar, a.k.a. "Chucho," Cuauhtemoc Gonzalez Del Rio, Jonathan Rene Jacobo Mata, Oscar Mario Flores Daza, a.k.a. "Pepe," Antonio Pena, Jr., Edgar Eduardo Vicente-Miranda, Aniano Chavez Avila, Raul Ceja Barajas, Alejandro Garcia Lopez, Joel Guillermo Torres, Roberto Macias, Alexander Alvarez, Manuel Garcia Gomez, Jorge Humberto Larios Velazco, Arthur Ernest Rubalcaba, Carlos Michael Hernandez,** and **Hobedt Moreno**, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(l).

In violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(b)(1)(A).

Counts Twenty-Nine through Thirty-Seven
Possession with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 841(a)(1))

On or about the dates listed below, in the Dallas Division of the Northern District

of Texas and elsewhere, the defendants listed below, did knowingly and intentionally

possess with intent to distribute a mixture and substance containing a detectable amount

of methamphetamine, a Schedule II controlled substance.

| Count | Date | Defendant |
|-------|------|-----------|
| 29 | April 21, 2020 | Aniano Chavez Avila |
| 30 | May 26, 2020 | Raul Ceja Barajas and Alejandro Garcia Lopez |
| 31 | May 27, 2020 | Joel Guillermo Torres |
| 32 | May 15, 2020 | Roberto Macias and Alexander Alvarez |
| 33 | April 10, 2020 | Edgar Eduardo Vincente Miranda |
| 34 | May 19, 2020 | Manuel Garcia Gomez and Jorge Humberto Larios Velazco |
| 35 | April 29, 2020 | Arthur Ernest Rubalcaba |
| 36 | May 2, 2020 | Carlos Michael Hernandez |
| 37 | March 23, 2020 | Hobedt Moreno |

In violation of 21 U.S.C. § 841(a)(1), the penalty for which is found at 21 U.S.C.

§ 841(b)(1)(C).

<u>Count Thirty-Eight</u>
Possession of a Firearm by an Illegal Alien
(Violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2))

On or about April 23, 2020, in the Dallas Division of the Northern District of

Texas, the defendant, **Jose Alfredo Penaloza Perdomo**, knowing that he was an alien

illegally and unlawfully in the United States, did knowingly possess, in and affecting

interstate and foreign commerce, a firearm, to wit: (1) a Glock, model 19, 9 millimeter

pistol, bearing serial number BHDB045; and (2) a Glock, model 23, .40 caliber pistol,

bearing serial number DZX571US.

In violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).

Forfeiture Notice

[18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(a); 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)]

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction for any offense in violation of 18 U.S.C. § 1956 (Counts One through Twenty-Five), the defendants, **Jose Albino Valdovinos Jimenez, a.k.a. "La Roca," a.k.a. "Coli," a.k.a. "Colima," Ivan Noe Valerio, Teodoro Valerio Perez, Yolanda Mercado Valerio, Iris Yaneli Valerio, Laurentino DelaCruz, a.k.a. "Tino," Carlo LNU, a.k.a. "Gordo," Jesus Manuel Juarez Aguilar, a.k.a. "Chucho," Cuauhtemoc Gonzalez Del Rio, Jonathan Rene Jacobo Mata, Oscar Mario Flores Daza, a.k.a. "Pepe," Antonio Pena, Jr., Eduardo Galdean Gress, Lorenzo Piedra Chavez, Blanca Flor Hernandez, Aniano Chavez Avila, Raul Ceja Barajas, Alejandro Garcia Lopez, Joel Guillermo Torres, Roberto Macias, Alexander Alvarez, Edgar Eduardo Vicente Miranda, Manuel Garcia Gomez, Jorge Humberto Larios Velazco, Arthur Ernest Rubalcaba, Carlos Michael Hernandez,** and **Hobedt Moreno**, shall forfeit to the United States of America any property, real or personal, involved in the respective offense, and any property traceable to such property.

Pursuant to 21 U.S.C. § 853(a), upon conviction for any offense in violation of 21 U.S.C. § 841 or 846 (Counts Twenty-Six through Thirty-Seven), the defendant(s), **Eduardo Galdean Gress, Lorenzo Piedra Chavez, Blanca Flor Hernandez**, **Jose Albino Valdovinos Jimenez, a.k.a. "La Roca," a.k.a. "Coli," a.k.a. "Colima," Ivan Noe Valerio, Teodoro Valerio Perez, Yolanda Mercado Valerio, Iris Yaneli Valerio, Laurentino DelaCruz, a.k.a. "Tino," Carlo LNU, a.k.a. "Gordo," Jesus Manuel**

Juarez Aguilar, a.k.a. "Chucho," Cuauhtemoc Gonzalez Del Rio, Jonathan Rene Jacobo Mata, Oscar Mario Flores Daza, a.k.a. "Pepe," Antonio Pena, Jr., Edgar Eduardo Vicente-Miranda, Aniano Chavez Avila, Raul Ceja Barajas, Alejandro Garcia Lopez, Joel Guillermo Torres, Roberto Macias, Alexander Alvarez, Manuel Garcia Gomez, Jorge Humberto Larios Velazco, Arthur Ernest Rubalcaba, Carlos Michael Hernandez, and Hobedt Moreno shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the respective offense, as well as any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the respective offense.

Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), upon conviction for any offense violating 18 U.S.C. § 922 (Count Thirty-Eight), the defendant, **Jose Alfredo Penaloza Perdomo**, shall forfeit to the United States of America any firearm or ammunition involved in or used in the commission of the offense.

The property to be forfeited includes, but is not limited to the following:

- an Amadio Rossi, .45 caliber pistol, bearing serial number AM031493, and any magazine(s) and ammunition seized with the firearm (as to **Aniano Chavez Avila**).

- a Springfield, (no model), .45 caliber pistol, bearing serial number NM421537, and any magazine(s) and ammunition seized with the firearm (as to **Aniano Chavez Avila**).

- a Ruger, (no model), 9 millimeter pistol, bearing serial number 335-05576, and any magazine(s) and ammunition seized with the firearm (as to **Aniano Chavez Avila**).

- a Walther, (no model), 9 millimeter pistol, bearing serial number FAM7286, and any magazine(s) and ammunition seized with the firearm (as to **Aniano Chavez Avila**).

- a Smith & Wesson, .38 caliber rifle, bearing serial number CZZ6761, and any magazine(s) and ammunition seized with the firearm (as to **Aniano Chavez Avila**).

- a Para-Ordnance, Para-Companion, .45 caliber pistol, bearing serial number P100344, and any magazine(s) and ammunition seized with the firearm (as to **Carlos Michael Hernandez**).

- a DPMS Panther Arms, model AR-15, .223 caliber/5.56x45 millimeter rifle, bearing serial number DNWC019693, and any magazine(s) and ammunition seized with the firearm (as to **Arthur Ernest Rubalcaba**).

- a Kel-Tec, 9 millimeter pistol, bearing serial number SKB24, and any magazine(s) and ammunition seized with the firearm (as to **Arthur Ernest Rubalcaba**).

- $11,825 in U.S. currency seized from **Arthur Ernest Rubalcaba** on the day of his arrest.

- $10,000 in U.S. currency seized from **Raul Ceja Barajas** on March 31, 2020.

- $50,000 in U.S. currency seized from **Cuauhtemoc Gonzalez Del Rio** on April 14, 2020.

- $40,000 in U.S. currency seized from **Oscar Mario Flores Daza, a.k.a. "Pepe"** on May 6, 2020.

- $4,205 in U.S. currency seized from **Roberto Macias** on the day of his arrest.

- $19,000 in U.S. Currency seized from **Raul Ceja Barajas** on the day of his arrest.

- $52,484 in U.S. Currency seized from **Eduardo Galdean Gress** on the day of his arrest.

- $50,231 in U.S. currency seized on July 9, 2020 from 2900 Dilido Road, Apt. 1125, Dallas, Texas (as to **Jesus Manuel Juarez Aguilar, a.k.a. "Chucho"**).

- a Glock, model 19, 9 millimeter pistol, bearing serial number BHDB045, and any magazine(s) and ammunition seized with the firearm (as to **Jose Alfredo Penaloza Perdomo**).

- a Glock, model 23, .40 caliber pistol, bearing serial number DZX571US, and any magazine(s) and ammunition seized with the firearm (as to **Jose Alfredo Penaloza Perdomo**).

The property to be forfeited by the defendants, upon conviction for any offense in

violation of 21 U.S.C. § 841 or 846 (Counts Twenty-Six through Thirty-Seven) or for any

offense in violation of 18 U.S.C. § 1956 (Counts One through Twenty-Five), may take

the form of a forfeiture "money" judgment. Additionally, the government may seek the

forfeiture of substitute property from the defendants, pursuant to 21 U.S.C. § 853(p).


A TRUE BILL:


_____
FOREPERSON


ERIN NEALY COX
UNITED STATES ATTORNEY


_____
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
E-mail: philip.meitl@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

JOSE ALBINO VALDOVINOS JIMENEZ (01)
a.k.a. "La Roca"
a.k.a. "Coli"
a.k.a. "Colima"
IVAN NOE VALERIO (02)
TEOD JOSE ALBINO VALDOVINOS JIMENEZ (01)
a.k.a. "La Roca"
a.k.a. "Coli"
a.k.a. "Colima"
IVAN NOE VALERIO (02)
TEODORO VALERIO PEREZ (03)
YOLANDA MERCADO VALERIO (04)
IRIS YANELI VALERIO (05)
LAURENTINO DELACRUZ (06)
a.k.a. "Tino"
CARLOS LNU (07)
a.k.a. "Gordo"
JESUS MANUEL JUAREZ AGUILAR (08)
a.k.a. "Chucho"
CUAUHTEMOC GONZALEZ DEL RIO (09)
JONATHAN RENE JACOBO MATA (10)
OSCAR MARIO FLORES DAZA (11)
a.k.a. "Pepe"
ANTONIO PENA, JR. (12)
EDUARDO GALDEAN GRESS (13)
LORENZO PIEDRA CHAVEZ (14)
BLANCA FLOR HERNANDEZ (15)
ANIANO CHAVEZ AVILA (16)
RAUL CEJA BARAJAS (17)
ALEJANDRO GARCIA LOPEZ (18)
JOEL GUILLERMO TORRES (19)
ROBERTO MACIAS (20)
ALEXANDER ALVAREZ (21)
EDGAR EDUARDO VINCENTE MIRANDA (22)
MANUEL GARCIA GOMEZ (23)
JORGE HUMBERTO LARIOS VELAZCO (24)

ARTHUR ERNEST RUBALCABA (25)
JOSE ALFREDO PENALOZA PERDOMO (26)
CARLOS MICHAEL HERNANDEZ (27)

---

SEALED SUPERSEDING INDICTMENT

18 U.S.C. § 1956(h)
Conspiracy to Launder Money
(Count 1)

18 U.S.C. § 1956(a)(1)(B)(i)
Laundering Monetary Instruments – Proceeds of Unlawful Activity – Concealment
(Counts 2-8)

18 U.S.C. § 1956(a)(1)(B)(i)
Laundering Monetary Instruments – Proceeds of Unlawful Activity – Concealment
(Counts 9-25)

21 U.S.C. § 846
Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Count 26)

21 U.S.C. § 841(a)(1)
Possession with Intent to Distribute a Controlled Substance
(Count 27)

21 U.S.C. §§ 846 and 841(b)(1)(A)
Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Count 28)

21 U.S.C. § 841(a)(1) & (b)(1)(C)
Possession with Intent to Distribute a Controlled Substance
(Counts 29-37)

18 U.S.C. §§ 922(g)(5) and 924(a)(2)
Possession of a Firearm by an Illegal Alien
(Count 38)

18 U.S.C. § 982(a)(1); 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)
Forfeiture Notice

38 Counts

---

A true bill rendered

---

DALLAS _____ FOREPERSON

Filed in open court this __19__ day of August, 2020.

---

**Warrant to be Issued**

---

UNITED STATES MAGISTRATE JUDGE
Criminal Case Pending: 3:20-CR-217-S